UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARMALETHA FORD, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

GASDICK STANTON EARLY, P.A.,

    Defendant.

_____/

CASE NO.:

JURY TRIAL DEMANDED
CLASS ACTION
INJUNCTIVE RELIEF REQUESTED

## CLASS COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ARMALETHA FORD, by and through her undersigned counsel, brings this class suit against Defendant, GASDICK STANTON EARLY, P.A. and alleges:

### I. INTRODUCTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. §557.55 *et seq.*

2. This action arises out of the Defendant's illegal efforts to collect a consumer debt from Plaintiff. Defendant's collection letter on behalf of Wyndham Vacation Resorts, Inc. inaccurately stated consumers' rights in regard to Plaintiff's debt, in violation of the FDCPA and FCCPA.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Plaintiff's action occurred in this State and district, where the Plaintiff resides, and where the Defendant transacts business.

### III. PARTIES

5. Plaintiff, Armaletha Ford, is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by Florida Stat. §559.55(8) and 15 U.S.C. § 1692a(3). Plaintiff has standing to bring a claim under the FDCPA and FCCPA because she was directly affected by violations of these Acts, and was subjected to Defendant's illegal and improper debt collection activities.

6. Defendant does business in this district as Gasdick Stanton Early, P.A., a debt collection law firm. It is at all times mentioned in this complaint, a "debt collector" as referred to in Florida Stat. §559.55(7). At all material times herein, Defendant was a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6). Defendant is a headquartered in Orlando, Florida.

### IV. FACTUAL ALLEGATIONS

7. The Plaintiff allegedly incurred a "consumer debt" to Wyndham Vacation Resorts, Inc. as that term is defined under Section 559.55(6), Fla. Stat. and 15 U.S.C.A. § 1692a(5).

8. In March 2015, Plaintiff filed for Chapter 13 bankruptcy in the Middle District of Florida, Bankruptcy Division. The Wyndham Vacation Resorts, Inc. debt was included in the petition and bankruptcy. *See Petition, Exhibit A.*

9. Plaintiff surrendered her Wyndham timeshare completely in her bankruptcy. *See Bankruptcy Plan, Exhibit B.*

10. Plaintiff's bankruptcy was completed and she was discharged in July 2018.

11. On or about January 18, 2019, Plaintiff received a collection letter from Defendant regarding her Wyndham debt. *See Exhibit C, Collection Letter.*

12. The letter states "[w]e have been advised that you are presently delinquent in your payments on your account with our client." The letter then goes on to list an amount of $6,015.49 owed to Wyndham, which includes interest through "10/19/2018" and continuing interest at "$1.37 per day thereafter." *See Exhibit C.*

13. On the second page of the collection letter, it states further:

**Pursuant to the Fair Debt Collection Practices Act, Pursuant to the Fair Debt Collection Practices Act [sic], unless within thirty (30) days after receipt of this letter, you dispute the validity of the amount due, or any portion thereof, the amount due will be assumed to be valid by the debt collector. If you notify this office within the thirty (30) day period that you dispute the amount owed or any portion thereof, I shall obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. Additionally, upon written request, within thirty (30) day period [sic], we will provide you with the name and address of the original creditor, if different from the current creditor.**

*Exhibit C.*

14. Finally, near the bottom of the second page, the letter states "IF YOU HAVE OBTAINED BANKRUPTCY RELIEF FROM THIS DEBT, PLEASE NOTE THIS LETTER IS A PREREQUISITE TO RECOVERING THE REAL PROPERTY SECURING THE DISCHARGED DEBT, AND WE ARE SEEKING RELIEF IN REM ONLY." *Id.*

15. This letter from Defendant contained multiple inaccuracies and threatened to collect a debt which had been completely disposed of in Plaintiff's bankruptcy.

16. 15 U.S.C. §§1692g(a)(4) – (5) states:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
. . .

3

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. Among other issues, Defendant's letter is clearly inaccurate in its statement of the law regarding debt disputes. The collection letter states "[if] you notify this office within the thirty (30) day period that you dispute the amount owed or any portion thereof, I shall obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." However, the FDCPA makes clear that the dispute of the amount owed must be *in writing* to be effective under the statute. *See* 15 U.S.C. §1692g(4) ("a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed").

18. Defendant's letter fails to disclose the fact that a consumer's dispute must be in writing, pursuant to the statute. Failure to provide this could lead to consumers sleeping on their rights to dispute debts – a particularly relevant issue with Plaintiff, who had hers discharged. Further, its collection methods are abusive, harassing, deceptive, and unfair since the Collection Letter misstates a right for the consumer and also claims that Plaintiff owes a debt she does not owe.

19. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168 at 1172-75 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. FTC, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public-that vast multitude which includes the ignorant, the unthinking, and

the credulous." Id. at 1172-73 (quoting in part <u>Fed. Trade Comm'n v. Standard Educ. Society</u>, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937).

## V.   CLASS REPRESENTATION ALLEGATIONS

20.   Pursuant to Federal Rule of Civil Procedure 23(a) ad (b)(3), Plaintiff brings this action for herself and on behalf of all other persons similarly situated.

*FDCPA CLASS*

21.   The FDCPA Class is defined as:

> All consumers in the State of Florida who received a letter from Defendant which was the same or similar format to the letter attached as ***Exhibit C.***

22.   The Class Period for the FDCPA class begins one year prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

23.   Plaintiff is unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. The putative FDCPA Class exceeds several hundred consumers since Defendant operates throughout the United States and it uses the same form Letter *(Exhibit "C")* in connection with its collection efforts. In addition, the putative FCCPA Class also exceeds several hundred consumers in Florida since the Defendant operates in Florida with the same form Letter. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

24.   Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual members, including but not limited to, whether Defendant's Collection Letters violate the FDCPA 15 U.S.C. § 1692e by providing a misleading statement of consumer rights.

25. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Classes because, upon information and belief, Defendant uses standardized form letters when attempting to collect debts in Florida and the United States as a whole. This fact is made obvious by the document name "Dmd Ltrs-BC.doc" listed at the bottom of the second page. *See Exhibit C.* The claims of the Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure, on the part of Defendant. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts which distinguish the Plaintiff from other Class members that received debt collection letters similar to *"Exhibit "C"* from Defendant.

26. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Classes because she has no interest antagonistic to the Classes she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for other class members. Whether the Defendant's Debt Collection Letter sent to Plaintiff violates the FDCPA is an issue that will be decided for all other consumers with similar or identical letters. There is nothing peculiar about the Plaintiff's situation that would make her inadequate as Class Representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

27. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each violation are capped at $1,000.00. It would be difficult, if not impossible, to

obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the debt collection letters used by Defendant violate the FDCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant and class actions are commonly used in such circumstances.

28. Defendant also acted and refused to act on grounds generally applicable to the Classes, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Classes as a whole. Defendant should be enjoined from sending out collection letters that violate the FDCPA, such as the one it sent to Plaintiff.

## COUNT I: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA") (INDIVIDUAL)

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

30. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

31. At all times material herein, Plaintiff was a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

32. At all times material herein, Plaintiff's debt was a "debt" or "consumer debt" as defined by Fla. Stat. § 559.55(6).

33. At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

34. The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552.

35. Among the FCCPA's enumerated prohibitions, the relevant sections are as follows: Prohibited practices generally. In collecting consumer debts, no person shall:

(7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

(9) "…, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. §559.72(7)(9).

36. Defendant sent Plaintiff a collection letter which states that she owes $6,015.49. *See Exhibit C.* Plaintiff completely surrendered the time share in her Chapter 13 bankruptcy.

37. Defendant further requests in its letter to Plaintiff that ""IF YOU HAVE OBTAINED BANKRUPTCY RELIEF FROM THIS DEBT, PLEASE NOTE THIS LETTER IS A PREREQUISITE TO RECOVERING THE REAL PROPERTY SECURING THE DISCHARGED DEBT, AND WE ARE SEEKING RELIEF IN REM ONLY." *Exhibit C.*

38. This "if" language has been struck outright by courts in this district:

"Because the disclaimers on which Carrington relies are only on the back of the Statement, and because they are conditional (stating that the mortgage statement is not an attempt to collect a debt 'if' the borrower has filed for bankruptcy or received a discharge), a reasonable fact finder could conclude that the June 2013 Statement as a whole would be confusing to the least-sophisticated consumer. As the Court previously concluded in denying Carrington's motion to dismiss, the disclaimers on the back of the June 2013 Statement "can be viewed as either inconsistent or at least confusing, particularly in light

of the amount due on the first page, and can leave a consumer guessing as to whether or not they owe the debt."

Prindle v. Carrington Mortgage Services, LLC, Case No. 3:13-cv-01349-MMH-PDB (M.D. Fla. Aug. 16, 2016) at *38 (internal citations omitted).

39. Further, despite Defendant's claim, a collection letter demanding interest *after the time share was surrendered* is not a prerequisite to recovering the time share.

40. By demanding payment for an already-surrendered time share, charging interest after the time share had been surrendered, and including confusing statements in its "if" clause, Defendant has violated Fla. Stat. § 559.72(7) and (9) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the FCCPA Class and also "…, or assert the existence of some other legal right when such person knows that the right does not exist."

41. For purposes of the claims brought in this action, the applicable standard under the FCCPA is "the least sophisticated" consumer test. *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985); *see also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for guidance).

42. The "if" language mentioned above has already been held to be confusing to the least sophisticated consumer in Prindle v. Carrington Mortgage Services, LLC, Case No. 3:13-cv-1349-J-34PDB (M.D. Fla. Aug. 16, 2016).

43. As a direct and proximate result of Defendant's FCCPA violations, Plaintiff has been harmed.

44. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationships, as well as with other family members.

45. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

46. Plaintiff is entitled to statutory damages, actual damages and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

47. Because Defendant's actions were intentional, willful and/or without regard for Plaintiff's rights, Plaintiff reserves the right to seek punitive damages upon the showing of the records of evidence sufficient to form the basis of a claim for punitive damages.

## COUNT II: FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### (FDPCA CLASS)

42. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

43. This is an action seeking class wide relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

44. Each Debt Collection letter sent by Defendant is a "communication" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff's debt and the debt of others similarly situated were consumer debts as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

45. At all material times herein, Plaintiff and others similarly situated were "consumers" as defined by the FDCPA, 15 U.S.C.A. § 1692a(3).

46. At all material times herein, Defendant was a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6).

10

47. By sending Debt Collection Letters to Plaintiff and others similarly situated in the FDCPA Class, Defendant attempted to collect a debt and provided misleading information regarding consumer rights for validation. This conduct violates 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

48. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and others similarly situated have been harmed. Plaintiff, and others similarly situated, are entitled to statutory damages, actual damages in the form of money paid to Defendant on the debts relating to the collection letters under 15 U.S.C. § 1692k(a)(2)(B), and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

49. For the purpose of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

50. This is an action seeking class wide relief for Defendant's pattern and practice of providing misleading consumer information to Plaintiff and the Class Members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

b. Adjudging that Defendant violated the FDCPA sections enumerated above, and awarding Plaintiffs and Class members actual damages in the form of money paid to Defendant on the time-barred debt and statutory damages pursuant to 15 U.S.C. § 1692k;

c. Adjudging that Defendant violated the FCCPA, Fla. Stat. § 559.72(7) - (9), and awarding Plaintiff actual damages in the form of money paid to Defendant and statutory damages pursuant to Florida Statutes § 559.77(2);

d. Permanently enjoining Defendant from sending collection letters similar to **Exhibit C** in the manner described in this lawsuit;

e. Permanently enjoining Defendant from threatening Plaintiff and the Class in the manner described in this lawsuit;

f. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to Florida Statutes § 559.77(2) and 15 U.S.C. § 1692k(a)(3).;

g. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

h. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 11th day of September, 2019.

/s/ Max Story
**Max Story, P.A.**
Florida Bar No: 527238
Austin J. Griffin, Esq.
Florida Bar No: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
*max@storylawgroup.com*
*austin@storylawgroup.com*
Attorney for Plaintiff

B6A (Official Form 6A) (12/07)

**EXHIBIT A**

In re  **Armaletha M. Ford**
_____,
Debtor

Case No. _____

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Homestead Property:**<br><br>**7984 Helston Drive**<br>**Jacksonville FL 32208** | Fee simple | - | 63,000.00 | 125,928.54 |
| **Time Share Arrangement with Wyndham Resort.** | Fee simple | - | Unknown | 4,300.00 |

| | Sub-Total > | 63,000.00 | (Total of this page) |
|---|---|---|---|
| | Total > | 63,000.00 | |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Case 3:15-bk-01312-JAF   Doc 22   Filed 09/22/15   Page 10 of 10
Case 3:19-cv-01064-BJD-PDB   Document 1   Filed 09/11/19   Page 14 of 18 PageID 14



EXHIBIT B

**EXHIBIT A**
CASE NO: 3:15-bk-01312-JAF
ARMALETHA M FORD
Chapter 13

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| | TRUSTEE EXPENSES | Priority | As set by U.S. Trustee | | | |
| | REHAN N KHAWAJA ESQUIRE | Priority | $2,940.00 | $2,940.00 | $370.20 | 1 - 6 |
| | | | | | $283.86 | 7 - 7 |
| | | | | | $15.00 | 8 - 36 |

*Claim Notes:* No claim filed.

| | WYNDHAM VACATION RESORTS INC | Secured | $0.00 | $0.00 | $0.00 | |

*Claim Notes:* No claim filed. Collateral Surrendered. In Full Satisfaction

| 01 | VYSTAR CREDIT UNION | Unsecured | $22,293.83 | $22,293.83 | ProRata | |
| 02 | INTERNAL REVENUE SERVICE | Priority | $10,387.01 | $10,387.01 | $0.00 | 1 - 6 |
| | | | | | $86.33 | 7 - 7 |
| | | | | | $355.20 | 8 - 36 |
| 02 | INTERNAL REVENUE SERVICE | Unsecured | $5,942.97 | $5,942.97 | ProRata | |
| 03 | COMMUNITY FIRST CREDIT UNION | Unsecured | $23,313.14 | $23,313.14 | ProRata | |
| 04 | COMPASS BANK | Secured | $87.55 | $0.00 | $0.00 | |

*Claim Notes:* Mortgage Arrearage. Claim paid outside of plan.

| 04 | COMPASS BANK | Secured | $76,606.14 | $0.00 | $0.00 | |

*Claim Notes:* Claim paid outside of plan.

| 04 | COMPASS BANK | Secured | $600.00 | $0.00 | $0.00 | |

*Claim Notes:* Supplemental Claim.

| 05 | COMPASS BANK | Secured | $272.61 | $0.00 | $0.00 | |

*Claim Notes:* Mortgage Arrearage. Claim paid outside of plan. Pay Outside Per Order Doc #20

| 05 | COMPASS BANK | Secured | $49,903.27 | $0.00 | $0.00 | |

*Claim Notes:* Claim paid outside of plan. Pay Outside Per Order Doc #20

| 06 | CERASTES LLC | Unsecured | $7,853.44 | $7,853.44 | ProRata | |

**Debtor Payment Schedule**

| StartDate | Number of Months | PaymentAmount |
|---|---|---|
| April 24, 2015 | 1 - 36 | $420.00 |

Copies to:
Debtor
Rehan N Khawaja Esquire
Douglas W. Neway, Trustee
All Interested Parties



**GASDICK·STANTON·EARLY**
ATTORNEYS AT LAW

January 18, 2019

Via Certified Mail,
Return Receipt Requested

ARMALETHA FORD
7984 Helston Dr
Jacksonville, FL  32208-2545

      RE:    Wyndham Vacation Resorts, Inc.
                 Contract No. 640736039

Dear ARMALETHA FORD:

This firm represents Wyndham Vacation Resorts, Inc. We have been advised that you are presently delinquent in your payments on your account with our client. As of the date of this letter, the following amounts are due under the terms of the note and mortgage:

| | |
|---|---:|
| Unpaid Principal Balance | $4,170.93 |
| Interest on Unpaid Principal Balance* | $1,844.56 |
| Late Charges | $ 0.00 |
| **TOTAL AMOUNT OWED** | **$6,015.49** |

(*Includes Interest through 10/19/2018 with interest continuing at $ 1.37 per day thereafter)

The past due amount owed under the note and mortgage is $4,185.20. If you fail to pay the past due amounts within thirty days from receipt this letter, the loan may be accelerated without further notice and additional action will be taken which will involve legal proceedings being instituted against you, including foreclosure and sale of the property, which may result in additional charges being assessed to your account, including, but not limited to reasonable attorney's fees and costs.

We are required to inform you that you have the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of the breach or any other defense to acceleration and foreclosure.

Even though my client is demanding paypment within thirty (30) das of receipt of this letter, you have the right to dispute the debt, as set forth below, wihtin thirty (30) days from receipt of this letter.

Pursuant to the Fair Debt Collection Practices Act, Pursuant to the Fair Debt Collection Practices Act, unless within thirty (30) days after receipt of this letter, you dispute the validity of the amount due, or any portion thereof, the amount due will be assumed to be valid by the debt collector. If you notify this office within the thirty (30) day period that you dispute the amount owed or any portion thereof, I shall obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. Additionally, upon written request, within thirty (30) day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

If you wish to bring your account current please contact the Mortgage Foreclosure Team at 1-800-251, 8736 option 1, then 3.

If you no longer wish to keep the timeshare, in an attempt to amicably resolve this matter in satisfaction of the amounts owed, my client will accept a deed in lieu of foreclosure, a copy of which is attached to this letter. The deed in lieu of foreclosure must be signed by all parties in front of two witnesses and a Notary. We must receive the original fully signed and notarized deed in lieu of foreclosure and is subject to a title search to confirm you are the sole record title holder of the property.

IF YOU HAVE OBTAINED BANKRUPTCY RELIEF FROM THIS DEBT, PLEASE NOTE THIS LETTER IS A PREREQUISTITE TO RECOVERING THE REAL PROPERTY SECURING THE DISCHARGED DEBT, AND WE ARE SEEKING RELIEF IN REM ONLY.

Pursuant to the Fair Debt Collection Practices Act, it is required that we state the following to you: **THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Tara C. Early, Esq.

TCE:me
Encls. (as stated)

Prepared By and Return to:
Tara Early, Esq.
Gasdick Stanton Early, P.A.
1601 W. Colonial Dr.
Orlando, FL, 32804
(407) 423-5203
Contract No. 640736039

## DEED IN LIEU OF FORECLOSURE

**THIS DEED** made this _____ day of _____, 2019 by and between **ARMALETHA FORD** whose post office address is **7984 Helston Dr, Jacksonville, FL 32208-2545**, as Grantors ("Grantors"), and Wyndham Vacation Resorts, Inc., whose post office address is 6277 Sea Harbor Drive, Orlando, FL 32821, as Grantee ("Grantee").

**WITNESSETH** that the Grantors, in consideration of cancellation of the mortgage indebtedness set forth below, hereby grants, bargains, sells and conveys unto the Grantee, its successors and assigns forever, to hold in fee simple forever, the following described property:

One (1) Vacation Ownership Interest ("VOI") having a **112,000/804,860,000** undivided tenant-in-common fee simple fractional Ownership Interest in all residential units numbered **679-686, 688, 690-698, 779-786, 788, 790-798, 879-886, 888, 890-898, 979-986, 988, 990-998, 1079-1086, 1088, 1090-1098** and none other located in Building entitled "**BUILDING 5, PHASE V**", within the Condominium Property submitted to the timeshare Plan of **FAIRFIELD ORLANDO AT BONNET CREEK RESORT, A CONDOMINIUM** ("The Resort Facility"), together with all appurtenances thereto, according and subject to the "Declaration of Condominium for Fairfield Orlando at Bonnet Creek Resort a Condominium" recorded on June 8, 2004 in Official Records Book 7475, Page 881, et seq, Public Records of Orange County, Florida, as heretofore or hereafter amended (collectively, the "Declaration"). Being the exact same property conveyed to Mortgagor by deed recorded immediately prior to the recordation hereof.

The VOI described above has a(n) **BIENNIAL** Ownership Interest as described in the Declaration and such Ownership Interest has been allocated **224,000** Points as defined in the Declaration for use in **EVEN** year(s). The Usage Right of the VOI is a Floating Use Right.

Together with all the tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining.

GRANTORS DO NOT RESIDE ON THE ABOVE PROPERTY, AND NO PORTION OF THE PREMISES OR ANY ADJOINING PREMISES CONSTITUTES HOMESTEAD PROPERTY OF THE GRANTORs AS DEFINED IN THE LAWS AND THE CONSTITUTION OF FLORIDA.

**THIS DEED** is an absolute conveyance and is given in full consideration of the cancellation of all indebtedness owed by Grantors to Grantee as evidenced by the Note dated June 9, 2007 given by Grantors, as maker, to Grantee, as payee, and in further consideration of Grantee accepting this deed, said acceptance being evidenced only by the recording of this instrument, which recording shall constitute a release of record of the prior Mortgage from Grantors to Grantee dated June 9, 2007 and recorded on April 29, 2008 in Official Records Book 9673 Page 1369 of the Public Records of Orange County, Florida, and any instrument otherwise serving to secure the indebtedness. Notwithstanding this Release, the Mortgage, Note, and related documents will remain in full force and effect after this transaction has been consummated and the parties acknowledge that the conveyance provided for herein will not merge with the interest of the Grantee in the property under the Mortgage, Note and related loan documents, as to any party claiming any interest in the property that would otherwise be deemed subordinate to the Mortgage on the date it was recorded. The Mortgage has a present existing principal balance of $4,170.93.

**AND** the Grantors hereby covenants with said Grantee that the Grantee is lawfully seized of said property in fee simple and that the property is free of all encumbrances made by Grantors and that Grantors will warrant and defend against the lawful claims and demands of all persons claiming by, through or under Grantors, but against none other.

IN WITNESS WHEREOF, Grantors have signed and sealed these presents on the date first above written.

Signed, sealed and delivered in the presence of:

_____    _____
WITNESS 1 – Signature                 ARMALETHA FORD

_____
WITNESS 1 – Print Name

_____
WITNESS 2 – Signature

_____
WITNESS 2 – Print Name

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2019, by ARMALETHA FORD, who is personally known to me or who has produced _____ as identification, and who did not take an oath.

_____
Print Name: _____
NOTARY PUBLIC

My Commission expires: _____